IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEMONT JAYRON GULLATT (TDCJ No. 1892441), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:16-cv-637-N-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Shemont Jayron Gullatt, a Texas inmate, proceeding *pro se*, has filed an application for writ of habeas corpus under 28 U.S.C. § 2254. The Court should deny the application for the reasons explained below.

**Applicable Background**

This habeas application concerns Gullatt's convictions for aggravated robbery with a deadly weapon, resulting in a sentence of 30 years of imprisonment, *see State v. Gullatt*, F11-61616-W (363rd Jud. Dist. Ct., Dallas Cty., Tex.), and for continuous family violence, resulting in a sentence of 10 years of imprisonment, *see State v. Gullatt*, F11-70820-W (363rd Jud. Dist. Ct., Dallas Cty., Tex.). Both criminal judgments were affirmed on appeal. *See Gullatt v. State*, Nos. 05-13-01515-CR & 05-13-01516-CR, 2014 WL 7499045 (Tex. App. – Dallas Dec. 29, 2014, no pet.).

Gullatt challenged both judgments through state habeas applications. The first of which the Texas Court of Criminal Appeals (the "CCA") dismissed as noncompliant with Texas Rule of Appellate Procedure 73.1. *See Ex parte Gullatt*, WR-84,395-01 (Tex. Crim. App. Jan. 6, 2016). And the CCA denied the second application without written order. *See Ex parte Gullatt*, WR-84,395-02 (Tex. Crim. App. Feb. 3, 2016).

The Court need not recount the applicable facts leading to Gullatt's convictions here because, for the reasons set out below, the claims in the Section 2254 application are procedurally barred and Gullatt has shown no reason for the Court to consider the procedurally-defaulted claims.

**Legal Standards and Analysis**

Gullatt's first, second, third, and fifth claims for relief – respectively, that the trial court erred by failing to limit the definition of "intentionally and knowingly" in the jury charge; that the trial court similarly erred by including in the charge a definition of "reasonable doubt"; that the trial court erred by informing the jury about good conduct time; and that trial counsel was constitutionally ineffective for failing to object – were raised in his first state habeas petition, which the CCA dismissed under Rule 73.1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *See Harris v. Reed*, 489 U.S. 255, 261-62 (1989); *see also Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006) ("A federal

habeas court 'will not consider a claim that the last state court rejected on the basis of an adequate and independent state procedural ground.'" (quoting *Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004))). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982); *see also Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999).

> The State of Texas prescribes the form to be used by applicants for state habeas relief and requires that the legal and factual grounds be identified on the 11.07 form. TEX. R. APP. P. 73.1. Texas courts enforce the requirement that an applicant specify the grounds for relief within the pages of the prescribed form, *e.g., Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006), and such requirements have been upheld by the United States Supreme Court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim...."). [The] failure to comply with required state procedures with respect to the[ applicable] claims constitutes procedural default.

*Rodriguez v. Thaler*, Civ. A. No. V-09-28, 2012 WL 3276713, at *6 (S.D. Tex. Aug. 8, 2012) (citations omitted); *see Samuelson v. Thaler*, No. 3:12-cv-299-P-BK, 2012 WL 6107948, at *2 (N.D. Tex. Nov. 13, 2012) ("While Petitioner raised IAC in a subsequent state application, that application was dismissed as noncompliant with Texas Rule of Appellate Procedure 73.1. Thus, Petitioner's IAC claims were not properly presented to the highest court in Texas, and his failure to exhaust constitutes a procedural default that bars this Court from considering his claims." (citations omitted)), *rec. accepted*, 2012 WL 6122171 (N.D. Tex. Dec. 10, 2012); *Whinery v. Director, TDCJ-CID*, No. 9:10cv192, 2011 WL 5600512, at *2 (E.D. Tex. Nov. 17, 2011) ("the failure to

comply with required state procedures to present a claim constitutes procedural default" (citations omitted)); *see also Galbraith v. Director TDCJ-CID*, No. 4:11cv756, 2015 WL 1504405, at *5-*8 (E.D. Tex. Apr. 1, 2015); *cf. Espinoza v. Stephens*, No. 3:13-cv-3686-L, 2014 WL 5013408, at *7 (N.D. Tex. Oct. 7, 2014) (observing that "[i]t was Petitioner's obligation to comply with the state appellate rules in his first state habeas application" (discussing Rule 73.1)).

The undersigned does note that the trial-court-error claims (Grounds 1, 2, and 3) were raised on direct appeal, *see Gullatt*, 2014 WL 7499045, at *1-*2, but those claims were never presented to the CCA through a petition for discretionary review. Therefore, the factual and legal basis of the claim have not "been fairly presented to the" CCA, as the highest available state court for review, which means that Gullatt has failed to properly exhaust state court remedies as to these claims. *Campbell v. Dretke*, 117 F. App'x 946, 957 (5th Cir. 2004) ("'The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court' so that a state court has had a 'fair opportunity to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim.'" (quoting *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004))); *see* 28 U.S.C. § 2254(b)(1)(A); *see also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a

desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (in turn quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))).

Therefore, at a minimum, because Grounds 1, 2, 3, and 5 were never properly presented to the CCA, those claims remain unexhausted. *See* Dkt. Nos. 13-24 & 13-25 (habeas record in *Ex parte Gullatt*, WR-84,395-02, the only state habeas petition to be considered by the CCA, in which Gullatt raised a single claim for relief – related to his continuous-family-violence conviction – that the trial court lacked jurisdiction to hear his case).

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the

showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001).

Gullatt's fourth claim for relief – that the trial court lacked jurisdiction to hear the continuous-family-violence case and render judgment because the case was not transferred to its docket – is also procedurally barred from review by this Court.

As the Dallas Court of Appeals held,

> [t]he basis for [Gullatt's] argument is that the indictment in his case was presented to Dallas Criminal District Court Number Four; subsequently, the case appeared on the docket of the 363rd Criminal District Court of Dallas County, which conducted the trial and rendered judgment. No transfer order was executed. Because appellant did not file a formal plea to the jurisdiction with the trial court, he failed to preserve this complaint for appeal.

*Gullatt*, 2014 WL 7499045, at *3 (citations omitted).

Under Texas law, a party must make a timely and proper objection to preserve a claim for appellate review. *See Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991). The objection must state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A). This "contemporaneous objection" rule constitutes an adequate state procedural bar for purposes of federal habeas review. *See Styron v. Johnson*, 262 F.3d 438, 453-54 (5th Cir. 2001).

As to all five claims, "a federal court may consider a procedurally defaulted claim if 'the prisoner can demonstrate cause for the default and actual prejudice as a result

of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Allen v. Stephens*, No. 3:12-cv-2014-P, 2013 WL 5545390, at *3 (N.D. Tex. Oct. 8, 2013) (quoting *Coleman*, 501 U.S. at 750). But Gullatt makes no attempt to satisfy these requirements. As a result, all claims presented in his Section 2254 application are procedurally barred. *See, e.g., Whinery v. Director, TDCJ-CID*, No. 9:10v192, 2012 WL 761683, at *2 (E.D. Tex. Mar. 7, 2012) ("Even if the district court has the power to ignore the procedural default and proceed to the merits of the claims, despite the fact that these claims have never been addressed by the Court of Criminal Appeals, Whinery has shown no reason for the Court to do so.").

In sum, all claims presented here are procedurally barred from federal habeas review.

**Recommendation**

The Court should deny the application for writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 25, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE